

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-81,705-01

### EX PARTE TINA MONTES, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. FDP-13-21855 IN THE 52ND DISTRICT COURT
## FROM CORYELL COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance with intent to deliver in a drug free zone and sentenced to ten years' imprisonment. She did not appeal her conviction.

Applicant contends that her plea was involuntary because counsel advised Applicant incorrectly as to her parole eligibility. *Ex parte Moussazadeh*, 361 S.W.3d 684, 691–92 (Tex. Crim. App. 2012); TEX. GOV'T. CODE § 508.145(e). Applicant has alleged facts that, if true, might entitle

her to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that her plea was involuntary. The trial court shall make specific findings as to whether counsel told Applicant that she would be eligible for parole in three years, despite a conviction for an offense committed in a drug free zone. If the court finds counsel erred, it shall make specific findings as to whether there is a reasonable probability that, but for counsel's errors, Applicant would have insisted on a trial. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: August 20, 2014

Do not publish